IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JONATHAN HALE )
)
v. ) NO. 3:10-0043
)
WILLIAM SMITH, et al. )

TO: Honorable Robert L. Echols, District Judge

## R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered January 27, 2010 (Docket Entry No. 3), this action was referred to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending before the Court is the Motion to Dismiss (Docket Entry No. 16) of Defendants Robertson County Sheriff's Department and the Robertson County Detention Center. For the reasons set out below, the Court recommends that the motion be granted.

### I. BACKGROUND

Plaintiff is currently an inmate at the Robertson County Detention Center ("Detention Center") in Springfield, Tennessee. He filed this action pro se and in forma pauperis on January 13, 2010, against the Robertson County Sheriff's Department, the Detention Center, and William Smith. He seeks relief under 42 U.S.C. § 1983 alleging that he was assaulted by Defendant Smith, who is alleged to be a guard or officer at the Detention Center. By Order entered January 27, 2010 (Docket Entry

No. 3), the Court found that Plaintiff alleged arguable claims and directed that process issue to Defendants.[1]

In the pending motion to dismiss, the Detention Center and the Robertson County Sheriff's Department ("Sheriff's Department") argue that they are not legal entities that can be sued. They assert that the Detention Center is a building and that the Sheriff's Department is merely a part of Robertson County, Tennessee, and is not a separate legal entity capable of being sued. See Docket Entry No. 17.[2] Plaintiff has not filed a response in opposition to the motion.[3]

## II. STANDARD OF REVIEW

A motion brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure is reviewed under the standard that the Court must accept as true all of the allegations contained in the complaint, resolve all doubts in the plaintiff's favor, and construe the complaint liberally in favor of the pro se plaintiff. See Kottmyer v. Maas, 436 F.3d 684 (6th Cir. 2006); Boswell v. Mayer, 169 F.3d 384, 387 (6th Cir. 1999); Morgan v. Church's Fried Chicken, 829 F.2d 10, 11-12 (6th Cir. 1987). While a complaint need not contain detailed factual allegations, the plaintiff must provide the grounds for his entitlement to relief, and this "requires more than labels and conclusions, and a formulaic recitation

---

[1] It is not entirely clear whether the Plaintiff intended to name the Detention Center as a separate defendant. However, process was issued to the Detention Center.

[2] On April 30, 2010, Defendant Smith filed his own motion for summary judgment (Docket Entry No. 30), which remains pending before the Court.

[3] On March 23, 2010, Plaintiff filed a motion "for the continue's (sic) of this matter." Although he requests that the matter not be dismissed, the content of the motion is not directed at the arguments made in the motion to dismiss but instead is directed at the Court's Order entered March 15, 2010 (Docket Entry No. 18), in which the Court notified Plaintiff of the motion to dismiss and the fact that process for Defendant Smith had not been executed at the time. By separately entered Order, the Court has ruled on Plaintiff's motion.

2

of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). See also Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

The factual allegations supplied must be enough to show a plausible right to relief. Twombly, 550 U.S. at 555-61. More than bare assertions of legal conclusions are required to withstand a motion to dismiss and the complaint must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory. Id.; Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436-37 (6th Cir. 1988). The Court need not accept as true legal conclusions or unwarranted factual inferences. See Gregory v. Shelby County, 220 F.3d 433, 446 (6th Cir. 2000).

### III. CONCLUSIONS

The motion to dismiss should be granted. To state a claim under 42 U.S.C. § 1983, Plaintiff must allege and show: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981)(overruled in part by Daniels v. Williams, 474 U.S. 327, 330, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986)); Flagg Bros. v. Brooks, 436 U.S. 149, 155-56, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978); Black v. Barberton Citizens Hosp., 134 F.3d 1265, 1267 (6th Cir. 1998). Both elements of this two-part test must be met to support a claim under Section 1983. See Christy v. Randlett, 932 F.2d 502, 504 (6th Cir. 1991).

Neither of the movants is a person within the meaning of Section 1983. The Detention Center is a building. Although municipal corporations and other "bodies politic and corporate" may be sued under Section 1983, Mumford v. Basinski, 105 F.3d 264, 267 (6th Cir.), cert. denied, 522 U.S. 914,

3

118 S.Ct. 298, 139 L.Ed.2d 229 (1997), the Sheriff's Department is not a body politic, and, as such, is not a person within the meaning of Section 1983 . See Matthews v. Jones, 35 F.3d 1046, 1049 (6th Cir. 1994)(a police department is not a person for purposes of Section 1983 ); Timberlake by Timberlake v. Benton, 786 F. Supp. 676, 682-83 (M.D. Tenn. 1992) (Nixon, J.); Drennon v. ABL, 2006 WL 3448686 (M.D. Tenn. 2006) (Campbell, J.).

Because Plaintiff cannot establish the second part of the two-part test under Parratt, his claims against the movants warrant dismissal.

## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that the Motion to Dismiss (Docket Entry No. 16) of Defendants Robertson County Sheriff's Department and the Robertson County Detention Center be GRANTED and that these two Defendants be DISMISSED from this action.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

    Respectfully submitted,

    */s/ Juliet Griffin*
    JULIET GRIFFIN
    United States Magistrate Judge

4