IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JONATHAN HALE, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:10-00043 |
| | ) | JUDGE HAYNES |
| v. | ) | |
| | ) | |
| WILLIAM SMITH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is the Magistrate Judge's Report and Recommendation (Docket Entry No. 48) that the Defendants' motion for summary judgment (Docket Entry No. 30) be granted and Plaintiff's motion for summary judgment (Docket Entry No. 39) be denied, to which Plaintiff has filed objections (Docket Entry No. 54) and a motion for review (Docket Entry No. 56).

Upon a motion for summary judgment the factual contentions are viewed in the light most favorable to the party opposing the motion for summary judgment. Duchon v. Cajon Co., 791 F.2d 43, 46 (6th Cir. 1986) app. 840 F.2d 16 (6th Cir. 1988) (unpublished opinion). Under Supreme Court holdings, upon the filing of a motion for summary judgment, the opposing party must come forth with sufficient evidence to withstand a motion for a directed verdict, Anderson v. Liberty Lobby, 477 U.S. 242, 247-52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), particularly where there has been an opportunity for discovery. Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265, 276 (1986).

Under Rule 56(e) and decisional law thereunder, once the Defendants makes a showing of no factual basis for the claim and/or no disputed facts, Plaintiff must come forth with specific

facts to support a jury verdict and a genuine disputed issue of material fact to warrant a trial on the merits. In a word, a Section 1983 plaintiff may not rely upon the conclusory allegations in his complaint. Conclusory allegations will not suffice. Cloverdale Equip. Co. v. Simon Aerials Equip. Co., 869 F.2d 934, 937 (6th Cir. 1989); Gregg v. Allen-Bradley Co., 801 F.2d 859, 861 (6th Cir. 1986); Davis v. Robbs, 794 F.2d 1129, 1130 (6th Cir.), cert. denied, 479 U.S. 992, 107 S.Ct. 592, 93 L.Ed.2d 593 (1986). After a motion for summary judgment is filed, "[p]laintiff cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must present affirmative evidence in order to defeat a properly supported motion for summary judgment." Barnhart v. Pickrel, Schaeffer & Ebeling Co., 12 F.3d 1382, 1389 (6th Cir. 1993); Vine v. County of Ingham, 884 F. Supp. 1153, 1158-60 (W.D. Mich. 1995).

After de novo review, the Court **ADOPTS** the Report and Recommendation. Upon review of the Plaintiff's objections, the Court independently reviewed the DVD of the incident at issue and finds no basis to depart from the Magistrate Judge's findings. Accordingly, Defendants' motion for summary judgment (Docket Entry No. 30) is **GRANTED**. Plaintiff's motion for summary judgment (Docket Entry No. 39) is **DENIED**. Plaintiff's motion for review (Docket Entry No. 56) is **DENIED**. This action is **DISMISSED with prejudice**.

This is the Final Order in this action.

It is so **ORDERED**.

ENTERED this the ___ day of December, 2010.

WILLIAM J. HAYNES, JR.
United States District Judge